**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL A. BORONDA,

　　　　　Plaintiff - Appellant,

　v.

SARA MOYE and JOSEPHINE
COUNTY, a political subdivision of the
State of Oregon,

　　　　　Defendants - Appellees.

No. 13-35273

D.C. No. 1:11-cv-03082-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted March 6, 2015[**]
Portland, Oregon

Before: PAEZ and IKUTA, Circuit Judges and SELNA,[***] District Judge.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Michael Boronda appeals from the district court's grant of summary judgment in favor of Josephine County (the County) and Sara Moye. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in granting summary judgment in favor of the County and Moye on Boronda's 42 U.S.C. § 1983 claim for First Amendment retaliation. We agree with Boronda that he was a private citizen at the time he made demands on the County and Moye requested that he be barred from undertaking construction work in certain County offices. *Cf. Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1101–02 (9th Cir. 2011). Applying the framework for First Amendment retaliation claims by private citizens, we conclude that Boronda failed to raise a genuine dispute of material fact as to whether Moye's request was intended to chill Boronda's speech, rather than to prevent him from having access to valuable and confidential County property and documents. *See Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006) (requiring the plaintiff to prove that the "desire to cause the chilling effect" was a "but-for cause of the defendant's action").

The district court did not err in granting summary judgment in favor of the County and Moye on Boronda's claim for a violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615(b)(1). Boronda does not allege that Moye

2

retaliated against him because he filed a charge or "instituted or caused to be instituted any proceeding" under the FMLA, or otherwise engaged in an act protected by the FMLA. *See* 29 U.S.C. § 2615(b)(1). Rather, he alleges that Moye retaliated against him because he sought to enforce his contract rights under state law.

The district court did not err in granting summary judgment in favor of the County and Moye on Boronda's claim for intentional interference with economic relations in violation of Oregon law. Boronda failed to raise a genuine dispute of material fact as to whether Moye violated Oregon Revised Statute section 659.805(1) by blacklisting or publishing Boronda's name "with intent and for the purpose of preventing" Boronda from obtaining or retaining employment, *see* Or. Rev. Stat. § 659.805(1), or retaliated against Boronda for exercising his First Amendment rights. Therefore, Boronda did not raise a genuine dispute of material fact as to whether Moye interfered with Boronda's relationship with his employer using improper means, or for an improper purpose, which is a necessary element of the tort. *See McGanty v. Staudenraus*, 901 P.2d 841, 844 (Or. 1995) (en banc).

Finally, the district court did not err in granting summary judgment in favor of the County and Moye on Boronda's state law breach of contract claim. In the settlement agreement, the parties agreed to treat the $8,333.75 as back wages.

3

Because Oregon law requires the County to remit six percent of gross wages to the Public Employee Retirement System (PERS), the County did not violate the settlement agreement when it deducted $500.03 from the $8,333.75 settlement payment and remitted it to PERS.

**AFFIRMED.**